## No. 26122

### The People of the State of Colorado v. Roberto Aravano DeLuna
(515 P.2d 459)

Decided November 1, 1973.

J. O. Lewis, District Attorney, L. William Miller, Assistant, for plaintiff-appellant.

Smith and McClure, for defendant-appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This interlocutory appeal on behalf of the People is from an order of the Costilla County District Court suppressing statements made by defendant DeLuna to interrogating officers following his arrest. We affirm the ruling.

The contested ruling was entered after an extensive hearing. Witnesses for the defendant, including a professor of foreign languages who had conversed with the defendant in both English and Spanish, testified that the defendant did not understand or speak English to the extent necessary to knowingly and intelligently waive his rights as delineated in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Witnesses for the prosecution testified to the contrary. In support of its order to suppress the statements, the court made extensive findings of fact which are amply supported by the record.

In bringing this interlocutory appeal, the district attorney

attacks the findings on the ground (1) that they were the consequence of the trial judge's taking improper judicial notice of facts not supported by the evidence; and (2) that error resulted from the refusal of the trial judge to qualify as an expert linguist a proffered rebuttal witness called to express an opinion on defendant's ability to understand the *Miranda* warnings. We disagree with those contentions.

From the record the trial judge had ample basis, aside from the matter judicially noticed, to make the findings he did. The ruling was not based on the matters of which the court took judicial notice. The rebuttal witness was disqualified by the trial judge after it was determined that he was not bilingual and could not provide relevant testimony on the issue of the defendant's ability to understand English. The qualification of a witness to competently testify on a matter of opinion is one of judicial discretion. *Mack v. Board of County Commissioners,* 152 Colo. 300, 381 P.2d 987 (1963). The trial court's determination of a witness' qualifications is conclusive, unless clearly erroneous as a matter of law. *City and County of Denver v. Lyttle,* 106 Colo. 157, 103 P.2d 1 (1940). In view of the fact that the rebuttal testimony was through a deputy sheriff who was not bilingual and was offered to contradict the testimony of an expert in foreign languages, we see no abuse of discretion.

The oft-stated rule that on disputed evidence the fact finder will not be overruled by an appellate court when the record supports the findings is dispositive of this appeal.

The ruling is affirmed.

MR. JUSTICE HODGES does not participate.